**Giacomo D'ANDREA, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 15744.**

United States Court of Appeals Sixth Circuit.

Aug. 17, 1964.

---

Ned L. Mann, Cleveland, Ohio (John T. Feighan, Cleveland, Ohio, on the brief), for petitioner.

Eric J. Byrne, Atty., Crim. Div., Dept. of Justice, Washington, D. C. (Joseph P. Kinneary, U. S. Atty., Charles G. Heyd, Asst. U. S. Atty., Cincinnati, Ohio, Kenneth C. Shelver, Atty., Crim. Div., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before WEICK, Chief Judge, and CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

Petitioner seeks review by this Court of an order of deportation and a denial of his application for voluntary departure. He was an Italian national admitted to the United States on a nonquota immigrant visa issued to him on the basis of his marriage in Italy to a citizen of the United States. The ground for deportation was that his immigrant visa had been procured by fraud, it appearing that he had failed or refused to fulfill his marital agreement which was entered into for the purpose of procuring his entry as an immigrant.

He challenged the sufficiency of the evidence to support the order of deportation and the finding that he was ineligible for voluntary departure. He had a hearing before a special inquiry officer resulting in an adverse decision. His appeal to the Board of Immigration Appeals was dismissed.

A review of the record convinces us that there was abundant evidence to support the deportation order even though some of it was conflicting. The credibility of witnesses was for the special inquiry officer and the Board to determine. Their findings of fact are binding on us when supported by substantial evidence.

There was evidence to support the finding that the sole purpose of petitioner's marriage in Italy was to evade the immigration laws. Petitioner and his wife never lived together after the ceremony was performed. He never supported her. He later obtained a divorce from her in Cleveland. Prior to the divorce and during the marital relationship, petitioner committed adultery with a single woman. From this adulterous relationship one child was born and another conceived. After petitioner obtained the divorce, he married this woman and their second child was born. Petitioner is supporting and living with this wife and their two children.

In our opinion, the Board was justified in finding that the adulterous relationship made petitioner ineligible for voluntary departure. 8 U.S.C. § 1101(f)(2).

Judgment will be entered in favor of respondent.