**David Belmonte TOVAR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 20885.**

United States Court of Appeals
Ninth Circuit.

Nov. 30, 1966.

---

Marcel Mallet-Prevost, Asst. Gen. Counsel, Edith Nash, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Elliott Moore, Atty. N. L. R. B., Washington, D. C., for appellant.

Emil Corenbleth, Dallas, Tex., for respondent.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

David C. Marcus, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., Steve Suffin, Atty. I.N.S., San Francisco, Cal., Joseph Sureck, Reg. Atty. I.N.S., San Pedro, Cal., Nicholas Katzenbach, Atty. Gen. of U. S., Frederick M. Brosio, Jr., Asst. Atty. Gen., Chief, Civ. Div., Washington, D. C., for appellee.

Before HAMLEY and ELY, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM:

A special inquiry officer of the Immigration and Naturalization Service determined that David Belmonte Tovar is deportable under section 241(a) of the Immigration and Nationality Act (Act), 66 Stat. 204 (1952), 8 U.S.C. § 1251(a) (4) (1964). However, the special inquiry officer then granted Tovar's application for suspension of deportation under section 244(a) (2) of the Act, 8 U.S.C. § 1254(a) (2) (1964). In granting this application, the officer first determined that Tovar was eligible for such relief and then exercised administrative discretion in granting it. On appeal, the Board of Immigration Appeals (Board), held that the special inquiry officer erred in determining that Tovar was eligible for suspension of deportation, and on that ground denied the application for suspension of deportation. Tovar petitions this court to review the Board order.

Tovar was not eligible for such relief unless he was a person of good moral character within the meaning of section 244(a) (2). The special inquiry officer determined that Tovar was a person of good moral character notwithstanding the fact that he is a registered sex offender under section 647, subd. 5 of the Penal Code of the State of California, and was three times (1955, 1957, 1962), arrested by police officers patrolling public restrooms, and each time convicted for "vagrancy, lewd," in violation of section 647, subd. 5.

On this review, Tovar argues that the Board is without authority to review the special inquiry officer's determination that Tovar is a person of good moral character and that, if the Board does have such authority, it reached an erroneous conclusion as to that matter.

We find no merit in either of these contentions, and therefore

Affirm.