**Gonzalo CARRASCO–FAVELA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 26764.**

United States Court of Appeals, Ninth Circuit.

June 25, 1971.

Rehearing Denied Aug. 4, 1971.

Armando deLeon, of DePrima, Aranda deLeon & Lincoln, Phoenix, Arizona, for appellant.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civil Division; Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., Stephen Suffin, Atty., I&NS, San Francisco, Cal., John N. Mitchell, Atty. Gen., of U. S., Washington, D. C.; Richard K. Burke, U. S. Atty., Phoenix, Ariz., Director, I&NS, Phoenix, Arizona, for appellee.

Before CARTER, HUFSTEDLER and KILKENNY, Circuit Judges.

PER CURIAM:

Petitioner questions the validity of an order of the board deporting him to Mexico following an appeal by respondent from the special inquiry officer's order granting petitioner a suspension of deportation.

We have examined the entire record and hold that the board's findings are supported by reasonable, substantial and probative evidence under 8 U.S.C. § 1105a(a) (4).[1] Consequently, our scope of review is limited to determining whether the board, in view of the evidence presented, abused its discretion in finding that petitioner was not eligible for suspension of deportation under 8 U.S.C. § 1254. We hold there was no abuse of discretion. Petitioner's contention that the board was without authority to overrule the finding of the inquiry officer has been considered and found without merit in Kimm v. Rosenberg, 363 U.S. 405, 80 S. Ct. 1139, 4 L.Ed.2d 1299 (1960), rehearing denied 364 U.S. 854, 81 S.Ct. 30, 5 L.Ed.2d 77 (1960); Noverola-Bolaina v. I. N. S., 395 F.2d 131, 135 (9th Cir. 1968) and Tovar v. I. N. S., 368 F.2d 1006 (9th Cir. 1966), cert. denied 388 U.S. 915, 87 S.Ct. 2128, 18 L.Ed.2d 1356 (1967).

Other contentions urged by petitioner have been considered and found without substance.

The petition for review is denied and the order of deportation is affirmed.

---

1. The board acts as the delegate of the Attorney General for purposes of this section.