MATTER OF VILANOVA-GONZALEZ

In Section 246 Proceedings

A–12046344

*Decided by Board October 17, 1969*

(1) When there is a conflict of testimony in rescission proceedings under section 246 of the Immigration and Nationality Act, there must be an evaluation of all the evidence and a finding made with regard to its credibility before the clear, unequivocable and convincing burden of proof test of *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276, comes into play.

(2) A claim of prejudicial and unfair hearing accorded by the substituted special inquiry officer is rejected where a de novo review of the entire record fails to reveal any error on the part of the special inquiry officer with regard to his rulings as to the admissibility of the proffered evidence.

(3) Section 241(f) of the Act, by its very terms, and the Supreme Court decision in *Immigration and Naturalization Service* v. *Errico-Scott*, 385 U.S. 214 (1966), are limited solely to a deportation proceeding and are not applicable to rescission proceedings under section 246 of the Act.

ON BEHALF OF RESPONDENT:
Deyan Ranko Brashich, Esquire
20 East 46th Street
New York, New York 10017

Harry Wallach, Esquire
110 East 42d Street
New York, New York 10017

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

Nathan Levine
Trial Attorney
(Brief filed)

The respondent appeals from a decision and order entered by the special inquiry officer on October 11, 1968 rescinding the adjustment of his nonimmigrant status to that of a permanent resident alien which was granted on June 23, 1960. Counsel on appeal maintains that the special inquiry officer's decision and order is not supported by evidence which is clear, unequivocal and convincing. Counsel also urges error in that there was prejudice and bias on the part of the special inquiry officer.

The record relates to a native and citizen of Spain who last entered the United States at the port of New York on February 9, 1960. He was admitted as a nonimmigrant visitor for business

and authorized to remain in the United States until July 1, 1960. He married a citizen of the United States on February 24, 1960. A visa petition for nonquota status filed by the citizen wife was approved on May 20, 1960 and his application for status as a permanent resident alien was approved on June 23, 1960.

The respondent's citizen wife obtained a divorce from him in the State of Alabama during August of 1961. A notice of intention to rescind the respondent's adjustment of status was served upon him on October 27, 1964. The special inquiry officer on May 3, 1965 after hearing entered an order rescinding the respondent's adjustment of status pursuant to the provisions of section 246 of the Immigration and Nationality Act. The Board of Immigration Appeals affirmed in an order entered on August 20, 1965 and on November 1, 1965 denied a motion for rehearing, reargument and reconsideration of the Board's order of August 20, 1965. Deportation proceedings were instituted by the service of an order to show cause on September 7, 1965. The Board on May 16, 1966 dismissed an appeal from the special inquiry officer's order of January 3, 1966 finding the respondent deportable as charged in the order to show cause but granting the privilege of voluntary departure in lieu of deportation, with a further order that if he failed to depart when and as required, he be deported to Spain.

A petition for judicial review pursuant to 8 U.S.C. 1105a(a) was thereafter filed with the United States Court of Appeals for the Second Circuit and on March 29, 1968, the respective parties entered into a stipulation that the matter of the rescission of the respondent's adjustment of status be remanded for further consideration in light of the Supreme Court's decision in *Woodby v. INS*, 385 U.S. 276 (1966). *The Woodby* case (*supra*) holds that no deportation order may be entered unless it is found by clear, unequivocal and convincing evidence that the facts alleged as grounds for deportation are true. We noted in our opinion of July 18, 1968, remanding the case to the special inquiry officer for further proceedings, that the Courts of Appeals for the Third and Ninth Circuits have held that the *Woodby* rule of clear, unequivocal and convincing evidence is equally applicable to rescission proceedings under section 246 of the Act, *Waziri v. INS*, 392 F.2d 55 (9 Cir., 1968); *Rodriques v. INS*, 389 F.2d 129 (3 Cir., 1968). Prior to the special inquiry officer's decision now before us on appeal, counsel for the respondent and the trial attorney entered into a stipulation dated September 9, 1968 that the matter be submitted to the special inquiry officer on the original record

without a reopening of the hearing and without further testimony.

The special inquiry officer in his original decision of May 3, 1965 (p. 15) found that:

. . . the Service has borne its burden of establishing by a preponderance of credible evidence that is reasonable, substantial and probative, that the respondent entered into a marriage with Edith Ivette Garces on February 24, 1960, solely for the purpose of obtaining nonquota status under the immigration laws without intent to enter into a bona fide marital relationship with Edith Ivette Garces and it is found that the respondent was not eligible for the adjustment of status granted to him on June 23, 1960.

The special inquiry officer after an overall reevaluation and reconsideration of all of the evidence adduced during the rescission proceeding now finds that the testimony of the respondent's former spouse and her mother is far more credible than that of the respondent and his witnesses. He concludes that there is clear, unequivocal and convincing evidence of record that the respondent was ineligible for adjustment of status on June 23, 1960 because his marriage on February 24, 1960 to Edith Ivette Garces, a United States citizen, was a sham entered into with no intent to be a valid and subsisting one and that it was solely for the purpose of enabling the respondent to adjust his immigration status in the United States and circumvent the immigration laws (p. 4, special inquiry officer's opinion, October 11, 1968).

On this appeal, counsel maintains that the hearings accorded the respondent by the special inquiry officer were prejudicial and grossly unfair. The substance of counsel's argument on the issue of a fair hearing is the charge that the respondent was prejudiced by the fact that the original special inquiry officer assigned to the case had testified in a criminal proceeding in which the respondent was a defendant and that this factor created bias and prejudice which carried over to the special inquiry officer who completed the hearing. Counsel also maintains that the special inquiry officer did not adhere to the remand order of the Court of Appeals for the Second Circuit in that he did not truly reconsider the matter before him in light of *Woodby* (*supra*) but merely gave and rendered a *pro forma* perfunctory revision of his previous biased and prejudiced decision.

The basis for counsel's claim that the special inquiry officer did not truly reconsider the matter before him is the fact that there is only a span of 22 working days between the signing of the stipulation and the special inquiry officer's decision of October 11, 1968. Counsel states:

It is strange that the Special Inquiry Officer, among all of his other duties

401

and pressing hearings, could either recall totally the matter heard more than three [3] years before, or thoroughly and conscientiously go through a record, which by his own admission, is more than two hundred and seventy four [274] [1] pages, plus various exhibits and briefs. This is completely inconsistent with the posititon of the former Special Inquiry Officer, who on March 18, 1965, stated on the record that he could not remember anything whatsoever concerning his testimony and extraordinary appearance before the District Court in this matter.

Counsel argues that this "proves conclusively" that the special inquiry officer did not comply with the remand order of the Court of Appeals as set forth in the stipulation (pp. 6 and 7, counsel's brief of February 24, 1969).

We are unable to determine on the record before us the extent to which the special inquiry officer reconsidered the original record of testimony pursuant to the stipulation entered into between counsel and the trial attorney on September 9, 1968. To render the special inquiry officer's decision unfair and biased, however, the defect complained of must have been such as might lead to a denial of justice, *De Souza* v. *Barber*, 263 F.2d 470 (9 Cir., 1959), cert. denied 359 U.S. 989 (1959). This Board has plenary power to make a *de novo* review of the record and based on such a review make its own independent findings on questions of fact and law irrespective of those made by the special inquiry officer, *Matter of B—*, 7 I. & N. Dec. 1 (A.G., 1956); *De Lucia* v. *INS*, 370 F.2d 305, 308 (7 Cir., 1966), cert. denied 386 U.S. 912 (1967); *Tutun var* v. *INS*, 368 F.2d 1006 (9 Cir., 1966), cert. denied 388 U.S. 925 (1967).

We have carefully reviewed the entire record. We find no basis for counsel's claim that the hearings accorded the respondent by the substituted special inquiry officer were prejudicial and unfair because he succeeded a special inquiry officer who had disqualified himself because of prior testimony in a criminal proceeding in which the respondent was a defendant. This practice is commonplace in both administrative and judicial proceedings. If counsel's argument were to prevail it would be impossible for any special inquiry officer or judge in a judicial proceeding who happens to been associate in the same tribunal to qualify for completion of a proceeding. A review of the 243 pages of testimony during which the substituted special inquiry officer presided fails to reveal any error on his part with regard to his rulings as to the admissibility of the proffered evidence. We have carefully noted the objec-

---

[1] The special inquiry officer in his opinion of October 11, 1968 stated, "The record of hearing constitutes some 253 pages of testimony." We find this number to be correct.

tions raised by counsel for the respondent and find that his position was sustained on at least 48 occasions. We conclude upon a de novo review that the respondent was accorded a fair hearing without bias or prejudice on the part of the substituted special inquiry officer.

The facts germane to the issues before us on appeal have been heretofore clearly set forth in the special inquiry officer's opinion of May 3, 1965 and in the opinions of this Board rendered on August 20, 1965 and November 1, 1965. Counsel maintains that the evidence relied upon by the special inquiry officer is so far removed from the ambit of reasonable doubt that the standard of clear, unequivocal and convincing evidence cannot be met. He argues that the Government's two primary witnesses are "proven and admitted perjurers" who have made statements under oath to various courts and to several agencies of the Government which are diametrically opposed to each other and, therefore, "have proven themselves, *beyond a reasonable doubt*, to be unworthy of belief" (p. 4, counsel's brief of February 24, 1969; emphasis supplied). Counsel argues on the other hand that the respondent has testified consistently and offered unimpeachable witnesses to sustain his position and allegations.

A determination of whether there is clear, unequivocal and convincing evidence that the respondent was ineligible for an adjustment of his status because his marriage to a United States citizen was not a valid and subsisting marriage for immigration purposes resolves itself into a determination of whose testimony is worthy of belief. Credibility involves more than demeanor. It apprehends the overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence, *Carbo* v. *United States*, 314 F.2d 718, 749 (9 Cir. 1963).

Where the testimony of the respondent and his witnesses is in direct conflict with the testimony of witnesses presented by the Government, there must be an evaluation and a weighing of all the evidence and a finding made with regard to its credibility before the test for burden of proof as set forth in *Woodby* (*supra*) comes into play. Originally, it is the function of the special inquiry officer and on appeal the function of this Board to make an evaluation and to reach a determination as to whether the evidence is of sufficient quality and substantially to support the rationality of the order of rescission. CF., *D'Andrea* v. *INS*, 335 F.2d 377 (6 Cir., 1964), cert. denied 379 U.S. 999 (1965) ; *Matter of Lugo-Guadiana*, 12 I. & N. Dec. 726 (BIA 1968).

We agree with counsel that the testimony of the respondent's former wife in this proceeding is not consistent with her affidavit in the divorce proceeding instituted in the State of Alabama (Ex. 4). Contradictory evidence of this nature is typical in a rescission proceeding. Nevertheless, her testimony that her marriage to the respondent was arranged for immigration purposes is corroborated by the testimony of her mother. On the other hand, the testimony of the respondent is not consistent with that of his witnesses with regard to when he met his former wife, his subsequent romance with her, when he became employed and who was present at the marriage. Upon evaluating and weighing the evidence submitted by both the Government and the respondent, we find that the testimony of the Government's witnesses is more credible than that of the respondent and his witnesses. Based on this finding, we conclude that there is clear, unequivocal and convincing evidence that the facts alleged as grounds for rescinding the adjustment of the respondent's nonimmigrant status are true.

Counsel urges that the respondent's case is within the purview of section 241(f) of the Immigration and Nationality Act which provides a waiver of deportability in the case of an alien who was excludable at the time of entry as one who had procured a visa or entry into the United States by fraud or misrepresentation if such alien is the spouse, parent or child of a United States citizen or of an alien lawfully admitted for permanent residence. There is a showing of record that the respondent married another citizen of the United States on June 12, 1965 and it is alleged that he is the father of two minor citizen children born to this union (see Board's decision of May 16, 1966). Counsel's argument that the respondent is exempt from deportation under section 241(f) is based on the premise that the Supreme Court in the case of *INS* v. *Errico*, 385 U.S. 214, 17 L. Ed. 2d (1966) ruled that the statute is humanitarian in nature and has for its purpose the maintenance of the family unit and if there exists any reasonable doubt, such doubt should be resolved in favor of the alien.

We considered a similar argument in *Matter of Alemis*, 12 I. & N. Dec. 456 (BIA 1967). We held that section 241(f) by its very terms and the Supreme Court's decision in *Errico* (*supra*) are limited solely to a deportation proceeding and are not applicable to a rescission proceeding under section 246 of the Act. The proceeding before us is not a deportation proceeding. See, also, *Ferrante* v. *INS*, 399 F.2d 98, at pp. 104–105 (6 Cir., 1968).

Upon careful reconsideration of the entire record, we adopt the

allegations set forth in the notice to rescind dated October 27, 1964 and served upon the respondent by certified mail as our findings of fact. Based upon these findings of fact, we conclude that there is clear, unequivocal and convincing evidence that the respondent was ineligible for adjustment of status on June 23, 1960 because his marriage to a United States citizen on February 24, 1960 was a sham entered into solely for the purpose of enabling the respondent to adjust his immigration status in the United States and circumvent the immigration laws. The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.